ZEHMER, Judge,
specially concurring.
I concur in the affirmance of appellant’s conviction on the strength of the supreme court decision in Roman v. State, 475 So.2d 1228 (Fla.1985), cert. denied, — U.S. -, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986), because the record in this case reflects that the jury was not, in fact, misled regarding allocation of the burden of proof. To this extent the alleged error was, at most, harmless.
I do not, however, read the Roman decision to mean that failure to properly instruct on the burden of proof, if coupled with argument or statements before the jury that misled it to believe that the burden of proof was on the defendant rather than on the state, would not be reviewable on appeal absent proper objection in the trial court. In such circumstance the lack of a proper instruction could very well cause a serious miscarriage of justice. Therefore, in determining appellate review-ability, the seriousness of the erroneous instruction must be judged in the context of the facts and circumstances at trial. Because Roman is silent in this regard, I concur in the comments in Judge Barfield’s opinion.